UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NAIDA KASPAR, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. C-11-83 |
| STEVE LYNN MOORE, *et al*, | § § § | |
| Defendants. | § | |

### ORDER

Pending before the Court is Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). (D.E. 5.) Plaintiffs did not respond, which must be taken as a representation of no opposition. L.R. 7.4. For the reasons stated below, the motion is GRANTED. The clerk is hereby ORDERED to transfer this action to the Houston Division of the Southern District of Texas pursuant to § 1404(a).

This case involves a car accident that took place in Refugio County, Texas. The original petition was filed in the County Court of Nueces County, Texas on January 29, 2010. Defendants Steve Moore and HT & Sons, Inc. were served around February 15, 2010. Defendants filed a Notice of Removal to federal Court in the Houston Division on March 23, 2011.[1] The case was transferred to the Corpus Christi Division on March 28, 2011 because the state court lawsuit had been filed in Nueces County, which is in the Corpus Christi Division.

Defendants have now filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). (D.E. 5.)

---

[1] Recognizing that the Notice of Removal was filed more than a year after the state court petition was filed and more than thirty days after service of the original petition on Defendants, this Court held a phone conference on April 1, 2011 to determine whether Plaintiffs wished to make a motion to remand due to a procedural defect in the removal pursuant to 28 U.S.C. § 1447(c). However, Plaintiffs declined to make a motion to remand.

Under § 1404(a), the court may transfer a civil action to another division or district for the convenience of the parties and witnesses and in the interest of justice. §1404(a).[2]

Venue is proper in the Southern District of Texas because the accident occurred in Refugio County, which is in the Southern District of Texas. See 28 U.S.C. § 1391. However, Refugio County falls within the Victoria Division, not the Corpus Christi Division. Moreover, Plaintiffs both resided in Harris County — in the Houston Division — at the time of the accident, and apparently still reside in Harris County. None of the Plaintiffs were treated for their injuries in the Corpus Christi Division. The only connection to Corpus Christi is that the lawyers for plaintiffs are based there.

Under these circumstances, transfer is warranted under the Fifth Circuit's holding in *In re Volkswagen of America, Inc.*, reversing a district court's denial of a motion to transfer venue when the only connection with the venue was the plaintiff's lawyer's office. 545 F.3d 304 (5th Cir. 2008).

Accordingly, the Court GRANTS the motion to transfer venue (D.E. 5) and ORDERS that this case be transferred to the Houston Division of the Southern District of Texas.

SIGNED and ORDERED this 26th day of April, 2011.

_____
Janis Graham Jack
United States District Judge

---

[2] A § 1404(a) analysis requires examining private and public factors. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*.